UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERY LATOUCHE,

                          Plaintiff,                          22-CV-1437 (LTS)

              -against-                          ORDER DIRECTING PAYMENT OF FEE
                                                 OR IFP APPLICATION AND PRISONER
ROCKLAND COUNTY, et al.,                                   AUTHORIZATION

                          Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Sing Sing Correctional Facility, brings this

action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $402.00 in

fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to

proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP

application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

      If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires

the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.

*See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of

fees must therefore authorize the Court to withdraw these payments from his account by filing a

"prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct

the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court

certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C.

§ 1915(a)(2), (b).

---

[1] The $52.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 22-CV-1437 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 22, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous, malicious, or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must prepay the full filing fee at the time of filing any new action.