UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERY LATOUCHE,

                Plaintiff,

-against-

ROCKLAND COUNTY; ROCKLAND COUNTY JAIL; JOHN MORLEY, CHIEF MEDICAL OFFICER DEPARTMENT OF CORRECTIONAL SERVICES,

                Defendants.

22-CV-1437 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, asserting claims arising from his medical care during his pretrial detention in Rockland County Jail and during his incarceration in the custody of the New York State Department of Corrections and Community Supervision (DOCCS). Plaintiff also brings a claim arising from the County Court's denial of his post-conviction motion. The amended complaint could also be liberally construed as asserting state law claims under the Court's supplemental jurisdiction. By order dated March 14, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

**STANDARD OF REVIEW**

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

A.   **Rockland County Jail**

Plaintiff names Rockland County Jail as a defendant in this action. Plaintiff's claims against the Rockland County Jail must be dismissed because "a jail is not an entity that is amenable to suit." *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *see also Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Any claims that Plaintiff wishes to bring against Rockland County Jail must be asserted against Rockland County, which he has already named as a defendant in this action.

B.   **Claims Against Rockland County**

1.   **Treatment with Remeron**

Plaintiff alleges that as a pretrial detainee at Rockland County Jail in 2005, he was prescribed two antidepressant medications: Remeron and Atrax.[2] (ECF 8 at 6, ¶ 25.) In May 2005, a doctor at the jail diagnosed Plaintiff with gynecomastia "as a result of his [in]gestion of

---

[2] Although Plaintiff names the medication as Rameron, it appears that he is referring to the antidepressant drug Remeron.

R[e]meron," and referred him "to a surgeon for a biopsy." (*Id.* at ¶¶ 26- 27.) Before the biopsy took place, Plaintiff was convicted and taken into DOCCS custody. (*Id.*) Plaintiff brings a claim under § 1983 against Rockland County in connection with the harm that he suffers from gynecomastia, allegedly due to the administration of this medication.³

By order dated March 29, 2022, Chief Judge Laura Taylor Swain notified Plaintiff that this claim appeared to be untimely and directed him to include any facts in his amended complaint showing why it should not be dismissed as time-barred. (ECF 6 at 6-7.) As set forth in that order, the statute of limitations for section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff alleges in his amended complaint that in 2005, he was diagnosed with gynecomastia allegedly as a result of having taken Remeron. (ECF 8 at 9, ¶ 19.) Plaintiff's claim thus accrued in 2005, when he knew of the injury that is the basis for the claim. The statute of limitations for a § 1983 claim based on these allegations therefore expired three years later, in or about 2008; when Plaintiff filed this complaint in 2022, any § 1983 claim arising from his ingestion of Remeron in 2005, had long since expired. Plaintiff was granted an opportunity to plead any facts showing why the claim was not time barred or whether there was any basis for

---

³ Plaintiff may be asserting a claim for violation of the Fourteenth Amendment right to information about potential side effects of the medication, *see Pabon v. Wright*, 459 F.3d 241, 250-51 (2d Cir. 2006), or a claim that the defendant knew of and was deliberately indifferent to a serious risk of harm to him and other detainees.

equitable tolling, but he does not include any such information in his amended complaint. Plaintiff's § 1983 claims, arising from his medication with Remeron in 2005, are therefore dismissed as time-barred.

Plaintiff's amended complaint might also be liberally construed as asserting state law claims. The limitations period for a medical malpractice claim in New York, under New York Civil Practice Law and Rules section 214-a, is two-and-a-half years from the date of the harm or last date of continuous treatment, with other limited exceptions not applicable here. Any claim that Plaintiff may be asserting under New York's medical malpractice statute, for which Rockland County could have liability on a *respondeat superior* theory, arose from these events in 2005, and thus was also time-barred when Plaintiff filed his complaint in 2022. Although there may be some other cause of action under New York law that Plaintiff could invoke, the Court is unaware of any with a statute of limitations long enough that a suit filed 17 years after Plaintiff knew of his injury could be timely. Any state law claims that the amended complaint could be construed as asserting against Rockland County arising from these events in 2005, therefore must also be dismissed as untimely.

      2.      **Policy Causing Denial of Motion Under N.Y. Crim. Proc. Law § 440.10**

Plaintiff also sues Rockland County in connection with a Rockland County Court Judge's denial of his motion under N.Y. Crim. Proc. Law § 440.10. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the

plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff asserts that Rockland County "created a policy, pattern that allowed the County Court and Rockland County District Attorneys Office to unconstitutionally apply a New York statute 440.10(3)(c) that foreclose[s] any challenge to a wrongful conviction . . ." ECF 8 at 5. This claim relates to Plaintiff's 2005 conviction, in the County Court, Rockland County, for which he is serving a sentence of 25 years' to life imprisonment. *See People v. LaTouche*, 61 A.D.3d 702 (2d Dep't Apr. 7, 2009) (conviction affirmed), *lv denied*, 12 N.Y.3d 926 (2009).[4] Specifically, Plaintiff's claim arises from Rockland County Court Judge Kevin F. Russo's March 5, 2019 decision, in which he relied on under N.Y. Crim. Proc. Law § 440.10(3)(c) to deny Plaintiff's post-conviction motion under N.Y. Crim. Proc. Law § 440.10, as procedurally barred based on his failure to have raised the claims in an earlier § 440.10 motion.[5] ECF 8 at 7, ¶ 14. The Appellate Division, Second Department, denied leave to appeal the County Court's decision on the § 440.10 motion. *Id.* at ¶ 14.

By order dated March 29, 2022, Chief Judge Laura Taylor Swain dismissed Plaintiff's claim that Justice Russo wrongfully denied his § 440.10 motions on the ground that the claim was not cognizable in a civil rights action under § 1983. ECF 6 (Order to Amend at 11 (relying

---

[4] LaTouche's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging this conviction was denied, *LaTouche v. Graham*, No. 7:10-CV-1388, 44 (PED) (S.D.N.Y. Sept. 24, 2013), and the Court of Appeals for the Second Circuit denied a certificate of appealability, *LaTouche v. Graham*, No. 13-3720 (2d Cir. Mar. 13, 2014). LaTouche's attempts to obtain leave to bring successive § 2254 petitions have also been denied. *LaTouche v. Graham*, No. 15-3662 (2d Cir. Dec. 7, 2015); *LaTouche v. Graham*, No. 19-4006 (2d Cir. Jan 21, 2020).

[5] This state statute provides in relevant part: "[T]he court may deny a motion to vacate a judgment when . . . (c) Upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so." N.Y. Crim. Proc. Law § 440.10(3)(c).

on *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that a petition for a writ of *habeas corpus* is sole federal remedy for prisoner seeking to challenge the fact or duration of his confinement))).[6] Plaintiff argues, in both his amended complaint and a letter to the Court, that he is challenging Rockland County's policies – not challenging his conviction. ECF 8-9.

Even if this claim is characterized as one challenging Rockland County's policies, the allegations fail to state a claim on which relief can be granted. All courts that are part of the New York State Unified Court System, including city and county courts, are deemed arms of the State of New York. *See Gollomp v. Spitzer*, 568 F.3d 355, 36 (2d Cir. 2009) ("[E]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is."); *Kampfer v. County of Fulton*, Nos. 94-CV-9110, 1997 WL 48990, *1-2 (2d Cir. Jan. 15, 1997) (summary order) ("The County Court of the State of New York is an integral part of the State's Unified Court System, *see* N.Y. Const. Art. VI, §§ 1 & 10-11, and as such is an arm of the State of New York."). Plaintiff's allegations that the Rockland County Court Judge's decision resulted from a policy of inadequate training or supervision on the part of Rockland County must be rejected, among other reasons, because Rockland County has no control of decisions of judges in the New York State Unified Court System, and no role in training or supervising judges.

Moreover, this claim is also an impermissible attempt to have a federal court review and reject a state court decision. The *Rooker-Feldman* doctrine bars federal district courts from

---

[6] A prisoner's challenge to a general policy affecting the fact or duration of his confinement may be cognizable in some circumstances. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005); *Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997) (holding that a prisoner can recover at least nominal damages under § 1983 for a claim that the "procedures were wrong, but not necessarily that the result was," if the claim is not necessarily inconsistent with the conviction). Plaintiff, however, challenges "the application of state statute 440.10(3)(c)" in his particular case and does not identify a generally applied policy alleged to violate federal law.

hearing cases that in effect are appeals from state court judgments. *See Dorce v. City of New York*, 2 F. 4th 82, 101 (2d Cir. 2021) (explaining that the doctrine takes its name from two cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The doctrine applies where four requirements are met: (1) "the federal-court plaintiff must have lost in state court[;]" (2) "the plaintiff must complain of injuries caused by a state-court judgment[;]" (3) "the plaintiff must invite district court review and rejection of that judgment[;]" and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

"[T]he second requirement – that the plaintiff complains of an injury caused by a state-court judgment – is the core requirement from which the other *Rooker-Feldman* requirements derive." *Dorce*, 2 F. 4th at 102 (citing *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018)); *see also Charles v. Levitt*, 716 F. App'x 18, 21 (2d Cir. 2017) (holding that federal court "must scrutinize the injury of which [the] plaintiff[s] complain as a necessary step toward determining whether the suit impermissibly seeks review and rejection of a state court judgment, or permissibly seeks some other remedy.").

The procedural requirements are satisfied here because Plaintiff lost in state court in March 2019, when Judge Russo denied his § 440.10 motion, well before this action commenced. Plaintiff complains of injuries caused by the state court's reliance on the procedural bar in § 440.10(3)(c) in denying his § 440.10 motion. Plaintiff asks for a "special panel" that is unbiased to review those proceedings. This Court lacks jurisdiction to adjudicate a claim inviting the Court to review and reject the state court's decision or to establish a "special panel" to do so. The Court therefore dismisses Plaintiff's claims against Rockland County that arise from the

7

state court's reliance on the procedural bar in § 440.10(3)(c) in denying his § 440.10 motion, for failure to state a claim on which relief can be granted and for lack of jurisdiction.

### C. Defendant John Morley

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant John Morley through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendant Rockland County Jail because this entity lacks the capacity to be sued and dismisses Plaintiff's claims against Rockland County as time-barred and for failure to state a claim on which relief can be granted.

The Clerk of Court is instructed to issue a summons for Defendant John Morley, complete the USM-285 forms with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 29, 2022
White Plains, New York

_____
CATHY SEIBEL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. John Morley, Chief Medical Officer
   DOCCS
   Bldg 2., State Campus
   Albany, New York 12226-2050