UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
VALERY LATOUCHE,

                                Plaintiff,

     – against –

DR. JOHN HAMMER THE REGIONAL
MEDICAL DIRECTOR (RMD),

                               Defendant.
-----------------------------------------------------------------------x

**ORDER OF DISMISSAL**

No. 22-cv-1437 (CS)

Seibel, J.

       Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brought this *pro se* action under 42 U.S.C. § 1983, asserting claims arising from his medical care during his pretrial detention in the Rockland County Jail and during his incarceration in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").

       By order dated March 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).[1] (ECF No. 5.) By order dated March 29, 2022, the Court granted Plaintiff leave to file an amended complaint that complied with the applicable pleading standards. (ECF No. 6.) Plaintiff filed his Amended Complaint against Defendants John Morley, Rockland County, and Rockland County Jail. (ECF No. 8.) By order dated April 29, 2022, the Court dismissed Plaintiff's claims against Defendant Rockland County Jail because it lacked the capacity to be sued, and his claims against Defendant Rockland County because the claims were time barred and failed to state a claim on which relief can be granted. (ECF No 11.)

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

After being granted leave to file an amended complaint at a pre-motion conference, (Minute Entry dated Feb. 28, 2023), Plaintiff filed a Second Amended Complaint on May 18, 2023, (ECF No. 27), and then another on June 15, 2023, (ECF No. 28), naming only Dr. John Hammer and Dr. Razia Ferdous as Defendants. But neither Complaint alleged facts regarding what those individuals did or failed to do that violated Plaintiff's rights. By order dated July 6, 2023, the Court granted Plaintiff leave to amend one final time and reminded him of the relevant pleading standards, as set forth in ECF No. 6. (ECF No. 30.)

On July 26, 2023, Plaintiff filed his Fourth Amended Complaint against Defendant Dr. John Hammer but again fails to include any facts as to what he allegedly did or failed to do that violated Plaintiff's rights. (ECF No. 32 ("FAC").)

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).[2]

Submissions by *pro se* plaintiffs are to be examined with "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010), interpreted "to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), and "held to less stringent

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations. The Court will send Plaintiff copies of any unpublished decisions cited in this Order.

standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations" that the plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

### I.   Claims Against Dr. Hammer

In his Fourth Amended Complaint, Plaintiff alleges that Dr. John Hammer failed to adequately address his medical condition and was deliberately indifferent to his medical needs. (FAC ¶ 1.) The Eighth Amendment imposes a duty on prison officials to ensure that inmates receive adequate medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Yet not every lapse in medical care is a constitutional wrong. Rather, a prison official violates the Eighth Amendment only when two requirements" – one objective and one subjective – "are met." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006).

The objective element requires that "the alleged deprivation of adequate medical care . . . be sufficiently serious." *Id.* Under this element of the test, one must ask (a) "whether the prisoner was actually deprived of adequate medical care" and (b) if so, "whether the inadequacy in medical care is sufficiently serious." *Id.* at 279-80. Only "deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Because a "prison official's duty is only to provide reasonable care," *Salahuddin*, 467 F.3d at 279 (*citing Farmer*, 511 U.S. at 844-47), "prison officials are liable only if they fail to take reasonable measures in response to a

medical condition," *Rutherford v. Correct Care Sols., LLC*, No. 18-CV-12049, 2020 WL 550701, at *5 (S.D.N.Y. Feb. 4, 2020).

The subjective component requires a plaintiff to plausibly allege that the official acted with deliberate indifference to the inmate's health. *Salahuddin*, 467 F.3d at 280. "This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Id.* "The defendant's belief that his conduct poses no risk of serious harm (or an insubstantial risk of serious harm) need not be sound so long as it is sincere." *Id.* at 281.

"[N]egligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Deliberate indifference is more than an "inadvertent failure to provide adequate medical care." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). While deliberate indifference is not established merely because a provider concludes no medical treatment is necessary, *Jordan v. Fischer*, 773 F. Supp. 2d 255, 276-77 (N.D.N.Y. 2011), the personnel in question must actually evaluate the patient's condition and make a determination, *see Smith v. Outlaw*, No. 15-CV-9961, 2017 WL 4417699, at *4 (S.D.N.Y. Sept. 30, 2017) (plaintiff who alleged he complained of chest pains and was sent back to his cell without examination or treatment before having a heart attack had pleaded deliberate indifference); *Gilliam v. Hamula*, No. 06-CV-6351, 2011 WL 6148943, at *16 (W.D.N.Y. Dec. 12, 2011) (alleged refusal to examine Plaintiff could support finding of deliberate indifference); *cf. Powell v. Cusimano*, 326 F. Supp. 2d 322, 338-39 (D. Conn. 2004) (plaintiff was not denied medical care because evidence clearly showed he was in fact examined by a nurse).

Even assuming Plaintiff has adequately pleaded facts satisfying the objective prong, he fails to plead any facts supporting a claim against Dr. Hammer, who apparently is a Regional Medical Director for DOCCS. The FAC describes the treatment Plaintiff received for his gynecomastia from providers at DOCCS facilities. (*See* FAC ¶¶ 8-12.) It further alleges that one of those providers – not Dr. Hammer – told Plaintiff that a biopsy had been denied by an official in Albany because Plaintiff's mammogram was negative and the condition was regarded as cosmetic. (*Id.* ¶ 11.) He further alleges that after an MRI and normal blood tests, a request to see a specialist was not honored. (*Id.* ¶ 12.)

There are no facts suggesting that Dr. Hammer is the official who made those decisions, and thus the FAC fails to state a claim as to him. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). While *Colon* laid out a special test for supervisory liability outlining five ways a plaintiff could show personal involvement of a supervisor, the Second Circuit has clarified that under the Supreme Court's ruling in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the *Colon* test is invalid, and instead "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). "Simply put, there's no special rule of liability for supervisors." *Id.* While "'[t]he factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue' because the elements of different constitutional violations vary," *id.* (quoting *Iqbal*, 556 U.S. at 676), "[t]he violation must be established against the supervisory official *directly*," *id.* (emphasis added). In the absence of any allegation as to what, if anything, Dr. Hammer did in connection with Plaintiff's care, it is plain that he is being sued

merely based on his supervisory position, which even before *Tangreti* would not suffice to show personal involvement for purposes of § 1983. *See, e.g.*, *Banks v. Annucci*, 48 F. Supp. 3d 394, 416 (N.D.N.Y. 2004) ("Where a defendant is a supervisory official, a mere linkage to the unlawful conduct through the chain of command (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct.").

Even if I were to assume that Dr. Hammer is the official who made the decisions about the biopsy and seeing a specialist, Plaintiff has failed to provide facts plausibly suggesting that he did so with deliberate indifference. Plaintiff merely states in a conclusory fashion that Dr. Hammer, in his position as Regional Medical Director, was "fully aware" of Plaintiff's condition and "failed to exercise [his] duty to provide reasonable care," (FAC ¶ 13), and that this failure amounts to deliberate indifference, (*id.* at 4). But he provides no facts suggesting that Dr. Hammer was aware of and deliberately disregarded a substantial risk of harm. Plaintiff merely disagrees with the treatment provided, which is not enough to plausibly allege deliberate indifference. *See Chance*, 143 F.3d at 703 ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 20010 ("It is well settled that disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim. These issues implicate medical judgment and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment."). Indeed, by alleging that Dr. Hammer "failed to exercise [his] duty to provide reasonable care and diligence in affording proper medical care and failed to employ approved medical procedure in relation to Plaintiff's medical

condition," (FAC ¶ 13), Plaintiff is alleging malpractice, which is insufficient to state a constitutional claim, *Chance*, 143 F.3d at 703.[3]

Accordingly, the deliberate indifference claim fails.

Plaintiff also alleges a "class of one" equal protection claim, arguing that other prisoners "have received cosmetic surgery for medical condition[s] such as keloid and severe facial acnes." (FAC ¶ 14.)  A plaintiff states a valid "class of one" equal protection claim when (1) "she has been intentionally treated differently from others similarly situated," and (2) "there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Plaintiffs must show "an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Sacher v. Village of Old Brookville*, 967 F. Supp. 2d 663, 670 (E.D.N.Y. 2013).  The comparators' circumstances must be "*prima facie* identical." *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008) (*per curiam*).  Plaintiff has provided no details from which I could conclude that there is an extremely high degree of similarity between himself and these other prisoners.  Nor has he suggested that Dr. Hammer had anything to do with the decisions regarding these other prisoners.  Accordingly, the class of one claim fails. Plaintiff's claims against Dr. Hammer are therefore dismissed for failure to state a claim on which relief can be granted.

---

[3] Plaintiff also alleges that Dr. Hammer "denied [him] general surgery on October 3, 2018." (FAC ¶ 13.)  He provides no facts that would plausibly support either the objective or subjective prongs of the deliberate indifference test with respect to this allegation.  Moreover, Plaintiff was told that "[i]f Plaintiff amends his complaint, and the amended complaint includes any claim arising more than three years before he filed the original complaint on February 22, 2022, he must include any facts showing why the claim should not be deemed time-barred." (ECF No. 6 at 7.)  He does not include any such facts.

**II.     Leave to Amend**

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by amendments previously allowed'" or "'futility of amendment,'" among other reasons. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Generally, the failure to fix deficiencies in an initial pleading, after being provided notice of those deficiencies, is alone sufficient ground to deny leave to amend. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have had two opportunities to cure the defects in their complaints, including a procedure through which the plaintiffs were provided notice of defects in the Consolidated Amended Complaint by the defendants and given a chance to amend their Consolidated Amended Complaint," and "plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (*per curiam*) ("[P]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies."). Here Plaintiff was advised twice in writing, (*see* ECF Nos. 6, 30), and at the February 28, 2023

conference, (*see* Minute Entry dated Feb. 28, 2023), of the standards applicable to claims for deprivation of medical care and the need to allege personal involvement, yet he has not stated a claim despite five tries.

Further, Plaintiff has not asked to amend again or otherwise suggested that he is in possession of facts that would cure the deficiencies identified in this ruling.  *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) (*per curiam*) (district court did not abuse its discretion by not granting leave to amend where there was no indication as to what might have been added to make complaint viable and plaintiffs did not request leave to amend); *Olsen v. Sherry Netherland, Inc.*, No. 20-CV-103, 2022 WL 4592999, at *15 (S.D.N.Y. Sept. 30, 2022) (denying leave to amend where plaintiff did not "explain how any amendment would cure the deficiencies identified by the Court").

Accordingly, the Court declines to grant leave to amend *sua sponte.*

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendant Hammer for failure to state a claim on which relief can be granted.

The Clerk of Court is directed to close the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: July 31, 2023
       White Plains, New York

                                                _____
                                                   CATHY SEIBEL, U.S.D.J.