```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
VALERY LATOUCHE,

                              Plaintiff,
                                                            ORDER
            – against –
                                                            No. 22-CV-1437 (CS)
DR. JOHN HAMMER THE REGIONAL
MEDICAL DIRECTOR (RMD)

                              Defendant.
-------------------------------------------------------------------------x
```

Seibel, J.

      Before the Court is Plaintiff's motion for reconsideration. (ECF No. 35.) For the following reasons, the motion is denied.

      Plaintiff did not include in his Fourth Amended Complaint the information on which he now relies (that Dr. Hammer was the official who denied the relevant requests). A motion for reconsideration is to bring to the Court's attention material it overlooked. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is not an occasion to "advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (cleaned up), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016).

      Moreover, I did not deny the motion only based on the absence of facts suggesting Dr. Hammer's personal involvement. I also concluded that there were no facts plausibly meeting the subjective prong of the deliberate indifference test, and the instant application contains nothing I overlooked in that regard or that would change my view. Indeed, Plaintiff claims that Dr. Hammer failed to provide reasonable care even though he "should of/knew of the excessive risk to health and safety." (ECF No. 36 at ECF page 4.) That he does not even take a position on

whether Dr. Hammer should have known or did know highlights his failure to plausibly allege that Dr. Hammer was "actually aware of a substantial risk" of serious inmate harm. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). And even without the "should [have]" language, the "knew of" language is conclusory; no facts supporting it are provided. Plaintiff also asserts in conclusory fashion that Dr. Hammer instituted an unconstitutional policy but provides no facts supporting that conclusion, and he cites outdated law on supervisory liability, as previously explained in my July 31, 2023 Order, (ECF No. 33). Plaintiff has had ample opportunity to state a plausible claim, and has failed to do so.

      The Clerk of Court is respectfully directed to terminate ECF No. 35. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: August 24, 2023
       White Plains, New York

                                           */s/ Cathy Seibel*
                                          CATHY SEIBEL, U.S.D.J.